## JEWETT & al. *versus* WADLEIGH & al.

An attorney at law, has no authority, *in virtue of his general employment,* to discharge an execution in favor of his client, unless upon payment of its whole amount.

Notwithstanding an engagement, made by an attorney with an execution debtor, to discharge the execution upon the payment of certain securities, which the debtor had lodged in his hands, amounting to a part only of the sum due on the execution, still the execution would not be discharged by the payment of the securities.

Even after the payment of the amount due on the securities, the creditor would be entitled to collect of the debtor upon the execution *at least* that portion of its amount, which was uncovered by the securities.

Where, upon such an engagement, the execution debtor should contract to pay *to the attorney* the balance of the execution, uncovered by the securities, in case they were not punctually met at their respective pay-days, such a contract would be without consideration, and could not be enforced.

ASSUMPSIT, submitted upon facts agreed.

The plaintiffs, as attorneys at law, had recovered a judgment and execution in favor of one Wilson, against the present defendants and another person, for $541,77, of which the costs were $18,14.

To discharge that execution, the defendants paid to the plaintiffs, $100, and gave them their two notes, with a surety, each for $150, made payable to the *plaintiffs,* one in one year, and the other in two years.

At the same time, the defendants gave to the plaintiffs a memorandum, in which it was stipulated that the execution should be discharged, if they paid said notes within thirty days from their pay-days ; and that, if the notes should not be so paid, the defendants would pay *to the plaintiffs* the balance, $141,77, with interest. The first of the notes was not paid within the thirty days from its pay-day ; but it was paid before the second note became payable. The second note was paid prior to its pay-day.

This suit is brought upon said memorandum, because of the delay in the payment of the first note.

*The plaintiffs, pro se.*

The plaintiffs were payees of the notes. They had a lien

on the judgment. They had power to discharge the judgment. That discharge was a good consideration for the notes. 14 Johns. 466 ; Ib. 378 ; 3 Burr. 1673 ; 12 Wend. 381.

On a contract, not under seal, made with an agent in his own name, for an undisclosed principal, either the principal or the agent may bring suit. 5 B. & Adol. 395. The condition as to prompt payment not having been performed by the defendants, their agreement to pay the balance of the execution became absolute. Time was of the essence of the contract. 2 Penn. 454. The promise involved no forfeiture. It was but a promise to pay a just and legal debt.

*Sewall*, for the defendants.

Wilson's judgment against the defendants is undischarged. Neither had the plaintiffs authority to discharge it, except upon full payment. There was, then, no consideration for the promise on which this suit is brought. The plaintiffs suggest their lien right. But they had received cash $100 ; being four or five times the amount of the whole bill of cost.

By accepting payment of the first note, the plaintiffs waived the delay in its payment. Money, not time, was the essential of the contract.

HOWARD, J. — It does not appear that the plaintiffs had any interest in the execution described in the agreement of the defendants, or in the judgment on which it issued, other than as attorneys to the creditor in the original suit. The argument for the plaintiffs assumes that the agreement was made with them solely ; and this is in accordance with the evidence, and consistent with, if not the necessary import of, the terms of the agreement.

As attorneys of the creditor, it was competent for the plaintiffs, being intrusted with the execution, to collect it, and to discharge it upon the receipt of payment, but not to discharge it upon the receipt of a less sum than the amount due, unless specially authorized. They could control the remedy, but not release the debt. The powers and duties of attorneys

in this country, are much discussed in *Jenney* v. *Delesdernier*, 20 Maine, 183 ; *Lewis* v. *Gamage*, 1 Pick. 347.

The import of the agreement of the defendants was, that as they had settled the execution of Wilson, (the creditor,) against themselves and Purington, by payment of a portion in cash, and giving their own notes with surety, payable on time, to the plaintiffs, as the case shows, for a less sum than the amount of the balance of the execution, by $141,77, if those notes were paid within thirty days from the time they became due, " it was to be in full discharge of said execution," otherwise the defendants were to pay the balance of the execution to the plaintiffs. There is no evidence that the creditor knew of this arrangement, or that he authorized or ratified it. There is no proof that the execution has been discharged ; on the contrary it is apparent, from the terms of the agreement, that it was not to be discharged, unless the notes were paid, as stipulated in the contract. The agreement to accept a smaller sum in satisfaction of the judgment, supposing such agreement to have been made, as the parties assume, was executory, and conditional, and the condition was not complied with. The execution was not, therefore, discharged, and the judgment is still in force for the amount now claimed, at least ; even if the amount of the cash, and of the notes, which have been paid since the commencement of this suit, should be appropriated in payment, *pro tanto.*

Assuming that the plaintiffs, in their capacity as attorneys for the creditor, could have discharged the execution, under the circumstances, there is no proof that it has been done, and we cannot infer it from the evidence. And if it may be considered as paid in part, by the money and notes received by the plaintiffs, still the judgment may be enforced by the creditor, for the amount claimed under the agreement, in this suit. As no consideration has been shown for this agreement, it cannot be enforced.

*Plaintiffs nonsuit.*